UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIA HODGES FOR M.H.** | **CIVIL ACTION** |
| **VERSUS** | **NO.   10-2769** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION "A" (1)** |

## ORDER

The Court, after considering the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the written objections to the Magistrate Judge's Report and Recommendation, hereby concludes that the decision by the Commissioner of the Social Security Administration ("Commissioner") should be reversed and the matter remanded for an award of benefits to the plaintiff.

I.  Background

Plaintiff M.H., by and through his next friend and mother, Melvia Hodges, seeks judicial review, pursuant to Section 405(g) of the Social Security Act ("the Act"), of the final decision of the Commissioner denying his claim for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §1382(c).  Plaintiff filed objections to the magistrate judge's Report and Recommendation **(Rec. Doc. 16),** and the Court ordered that those objections were to be submitted for consideration on October 12, 2011.

The magistrate judge found no error in the Commissioner's final decision to deny SSI benefits.  Therefore, the magistrate judge recommended that the Court grant Defendant's cross-motion for summary judgment **(Rec. Doc. 13)** and deny Plaintiff's motion for summary judgment **(Rec. Doc. 12)**.  The magistrate judge's Report and Recommendation is subject to de novo

review by this Court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

I.  Discussion

In the instant application Plaintiff seeks review of the Commissioner's decision to deny SSI benefits.  Plaintiff suffers Combined Type ADHD, Oppositional Defiant Disorder (ODD), a Learning Disorder, Dysthymia, and Asthma.  The Commissioner found that Plaintiff has a marked limitation in the functional domain of Interacting and Relating with Others, but a less than marked limitation in the domain of Attending and Completing Tasks.

Judicial review of the Commissioner's decision is limited under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner applied the proper legal standards, and (2) whether the decision is supported by substantial evidence of the record as a whole.  *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

 The Court is not persuaded that the ALJ properly applied the severity standard set out in SSR 09-1P and SSR 09-2P when determining that petitioner has a less than marked limitation in Attending and Completing Tasks.  Under SSR 09-1P and SSR 09-2P, "the more help or support of any kind that a child receives beyond what would be expected for children the same age without impairments, the less independent the child is in functioning, and the *more* severe we will find the limitation to be."  SSR 09-1P, 2009 WL 396031 at *7 (S.S.A); SSR 09-2P, 2009 WL 396032 at *5 (S.S.A.)(emphasis added).  The fact that Plaintiff performed better with the aid of a support system that included increasing dosages of medication, group and individual therapy, special education, and a detailed structured and supportive Individualized Education Program (IEP) is evidence of a more severe impairment, not a "less than marked impairment."

The Commissioner's contention that the substantial evidence supporting the finding of a

less than marked impairment in Attending and Completing tasks includes the fact that Plaintiff "made progress with appropriate treatment" fails to comport with the Social Security Rulings. The finding is unsupported by substantial evidence of record, and the Commissioner's decision must be reversed.

The Court is also not persuaded that the ALJ correctly applied the rating standard required by SSR 09-1P and SSR 09-4P in failing to rate Plaintiff's limitations in the domain of Attending and Completing Tasks.  SSR 09-1 states that the ALJ will "rate the severity of the limitations in *each* affected domain."  SSR 09-1P, WL 396031 at *2 (S.S.A)(emphasis added). SSR 09-4P states that "we evaluate the effects of a child's impairment(s), including the effects of medication or other treatment and therapies, in *all* relevant domains."  SSR 09-4P, 2009 WL 396033 at *4 (S.S.A.)(emphasis added).

Plaintiff's behavioral problems and his problems with attention are limitations arising from one impairment – ADHD – limitations that require evaluation in multiple domains.  The ALJ only rated Plaintiff's behavioral problems, which included disrupting class, refusing to sit, distracting other students, and failing to follow instructions, in the domain of Interacting and Relating with Others.  These same problems are also defined by the Regulations and Rulings as limitations in Attending and Completing Tasks, and should have been rated in that domain as well.  20 C.F.R. §416.92a(h).  The Commissioner failed to comport with SSR 09-1P and SSR 09-4P by failing to evaluate Plaintiff's ADHD in any and all of the domains affected.

The Court holds that substantial evidence of record does not support the Commissioner's decision, and that the decision does not comport with relevant legal standards.  A finding of disability is appropriate and the ALJ's decision to the contrary must be reversed.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for Summary Judgment (Rec. Doc.12)** is **GRANTED** and Defendant's **Motion for Summary Judgment (Rec. Doc. 13)** is **DENIED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner for an award of benefits.

This 6th of October, 2011.

                                                              UNITED STATES DISTRICT JUDGE